## AETNA CASUALTY & SURETY CO. OF HARTFORD, CONNECTICUT, v. BETTENS.

No. 14204.

United States District Court
S. D. California, Central Division.
March 31, 1953.

Burton A. VanTassel, Los Angeles, Cal., for plaintiff.

Sylvan G. Bay, Los Angeles, Cal., for defendant.

TOLIN, District Judge.

Plaintiff's Motion For Summary Judgment must be denied. As insisted upon by plaintiff, it is apparent from the record of this action that the controlling facts are before the Court without dispute. However, they do not spell out the result which plaintiff desires. Defendant, while not contesting the material facts, insists that they compel a different result than plaintiff contends on his Motion For Summary Judgment. Defendant does not ask summary judgment in his favor. Therefore, the Court has but one duty and that is to rule upon plaintiff's motion for that relief. The Court denies that motion.

On the first of February, 1926, plaintiff, as a surety, executed a tax abatement bond running to the United States of America. The circumstances were that defendant was at that time engaged in a dispute with the United States over a certain tax liability and in order to avoid immediate action to collect the taxes allegedly due, defendant here was required to give bond which he did, the plaintiff being surety thereon. Thereafter the tax dispute was determined in favor of the United States and plaintiff here was called upon to pay the tax liability. Plaintiff contends that it was thereupon subrogated to the rights of the United States and entitled to collect the same sum of money from defendant. This appears to be in accord with the general law of suretyship. However, instead of bringing an action against defendant on that theory, plaintiff took defendant's promissory note for the amount of the obligation. This was followed by successive promissory notes which were given from time to time, each as the one preceding it became due. The present complaint is a suit upon a promissory note with a recitation in the Complaint, but not in the note, of the fact that defendant's surety had to perform the obligation which should have been performed by him. On August 12, 1944, the defendant was adjudicated a bankrupt and was discharged as a bankrupt on March 14, 1945. Plaintiff proved its claim in the bankruptcy proceedings. Defendant asserts the discharge in bankruptcy as a defense to this action. Plaintiff contends also that it is subrogated to the rights of the United States contending that Sec. 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, prevents this defense from being successful. That Act provides in pertinent part:

"*Debts not affected by a discharge.* A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; * * *".

If plaintiff still had its original cause of action as a subrogated surety, it would be necessary to determine the emphatically contested question of whether the obligation sued on is still a tax as referred to in the above quoted Section or whether it has become a "debt" other than a tax levied by the United States. A discharge in bankruptcy is not available as a defense to an action to collect "a tax" but the bar is raised as to all other obligations except as to a class not involved here. The Court need not decide this question of the extent of the subrogation right which arose in favor of plaintiff when it paid off the original tax

123123

113

claim because whatever it was, plaintiff was not satisfied with it and substituted a new contractural arrangement with defendant. The record establishes that a novation occurred as between the plaintiff and defendant at the time the first promissory note was given. Without determining the extent to which plaintiff became subrogated to the rights of the United States, it is clear that it became subrogated to some extent and on either one or both of the dates that it paid defendant's taxes. (They were paid in two installments.) Plaintiff could have maintained an action against defendant. It elected not to do this but to enter into a different arrangement with him. Where a new agreement is intended to take the place of the old one, the old one is entirely abrogated and the rights and duties of the parties must be governed by the new agreement alone, and failure to perform thereunder does not under any theory of recission operate to revive the old obligation. This familiar principle of contract law is extensively discussed in the earlier cases on novation which are mentioned in one of the recent California cases on the subject, Alexander v. Angel, 37 Cal.2d 856, 236 P.2d 561. See also, Columbia Casualty Co. v. Lewis, 14 Cal.App.2d 64, 57 P.2d 1010. Novation in the law of California is defined by statute. Sec. 1530, California Civil Code provides:

"Novation is the substitution of a new obligation for an existing one. (Enacted 1872.)"

Section 1531, California Civil Code enumerates the modes of novation. Subdivision 1 of that Section immediately follows the declaration "Novation is made:" by these words:

"1. By the substitution of a new obligation between the same parties, with intent to extinguish the old obligation;"

It is noted that throughout the statutes and case law respecting novation that the intent of the parties at the time of the creation of the contended new obligation is a controlling factor. The Court cannot reconcile the conduct of the parties in this action with an intent to stand by the original cause of action. The fact that the surety allowed the statute of limitations to run thereon and accepted a promissory note which when not paid on the due date, was succeeded by a new promissory note and, in turn, by others, all without reference to the original obligation, indicates that plaintiff intended to substitute the obligation of a promissory note for an obligation implied in law and which existed in its favor without the necessity of a note. The first note was executed while that original obligation was in full force. By its acceptance of the note plaintiff accepted defendant's offer to substitute a new obligation with different and definite incidents in place of the old, the boundaries of which were somewhat uncertain if measurement be attempted for the purpose of the Bankruptcy Act, especially 11 U.S.C.A. § 35. It gave the plaintiff certain additional rights including a definite contracted rate of interest and a right to collection costs in the event of suit upon the note. Plaintiff now contends that the note was but recognition of the existing legal right. However, the note does not so recite. There is nothing to support this argument. The Court cannot hold that when a surety who had been called upon to pay, preferred to substitute an interest-bearing promissory note with a definite due date for its right against the principal, it merely took a recognition of this defendant's obligation to it. What it took was a self-contained binding contract. It thereby elected to give up its existing cause of action and substitute the new contract therefor. It cannot rescind that action. The obligation of the promissory note was discharged by the discharge in bankruptcy.

The motion for summary judgment is denied. Defendant will prepare a formal order pursuant to Local Rule 7.